FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 09 2021

JAMES N. HATTEN, Clerk
By: /s/ _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

IN RE: COURT OPERATIONS UNDER
THE EXIGENT CIRCUMSTANCES
CREATED BY COVID-19 AND RELATED
CORONAVIRUS

GENERAL ORDER 20-01
Eleventh Amendment

## ORDER

General Order 20-01, dated March 16, 2020, as amended by Orders dated March 30, 2020; April 30, 2020; May 26, 2020; July 1, 2020; July 10, 2020; August 3, 2020; September 1, 2020; September 28, 2020, December 8, 2020, and January 27, 2021, addresses Court operations for the United States District Court for the Northern District of Georgia under the exigent circumstances created by the coronavirus pandemic and the spread of COVID-19. The Tenth Amendment to General Order 20-01, entered January 27, 2021, extended the time periods specified in the Order through and including April 4, 2021.

In anticipation of the expiration of its Tenth Amendment to General Order 20-01, the Court again considers whether national, state, and local COVID-19 conditions have sufficiently improved to permit the safe resumption of federal jury trials within the Northern District's courthouses. The Court notes first the continued favorable national and local downward trends in both the daily COVID-19 infection rates and test positivity rates from the extremely high rates experienced in January.

1

The Court also notes the steadily increasing numbers of people receiving COVID-19 vaccines throughout the United States and in Georgia, the increasing rate of vaccinations, the recent emergency approval of another COVID-19 vaccine, and the increase in the allocations of the vaccines. While still in Phase 1a+ of its vaccination program, Georgia has now expanded that phase to include teachers.

While the decline in infection rates and increase in vaccinations are extremely significant and positive developments in the progress against COVID-19, the daily infection and test positivity rates remain at a very high level in comparison to the historic numbers throughout the pandemic. Some concern has been expressed that the infection rates may now be leveling at a high number rather than continuing to decrease. At the beginning of March, Georgia's 7-day daily average for new cases of COVID-19 was reported at 2,871 with a 14-day average positivity rate greater than 12 percent.

Similarly, while both the number and rate of persons vaccinated in the United States continue to increase, the Centers for Disease Control and Prevention recently reported that only approximately 15.9% of the United States' population has received at least one dose of the COVID-19 vaccine and only 8.1% have received both doses. In Georgia the numbers vaccinated are lower with only 12% of the population receiving at least one dose and 7.3% receiving both doses. Given the

current status of Georgia's vaccine rollout, it still appears to the Court that it could be several weeks - or longer - before vaccines are available to the general public.

Conditions at the district level remain unfavorable, with many of the district's counties among the top counties for reported new cases, especially those in the greater metropolitan area, but also some more rural counties.

In its last Amendment the Court noted at least six cases of the COVID-19 variant strain had been identified in Georgia. The Centers for Disease Control and Prevention now reports the number at 137 cases, although the potential impact of the variants on the rate of transmission of the disease in Georgia, if any, remains unknown.

As noted in previous Orders, the President's declaration of a national emergency under the National Emergencies Act (50 U.S.C. § 1601 et seq.) due to COVID-19 has not changed nor have the findings of the Judicial Conference of the United States that emergency conditions due to this national emergency have materially affected and will materially affect the functioning of the federal courts generally.

As stated in our previous amendments, the Court has suspended jury trials in the hope that COVID-19 could be contained, and its threat eliminated. Despite months of intense preventative measures, however, the significant threat presented

by COVID-19 within the United States, Georgia, and the district continues. While the implementation of the vaccinations and the recent emergency approval of an additional vaccine represent significant progress in the fight against COVID-19, the Court reluctantly concludes that current circumstances do not yet allow it to safely resume jury trials. As a result of the continuing high rates of infection and the low percentage of people vaccinated, the Court concludes that before jury trials may be safely resumed, another month is needed to allow for a further decline in the infection rate within the district and for a further increase in the number of people vaccinated. **Assuming the favorable trends continue in both critical areas, the Court anticipates that it will be able to resume jury trials more safely in May and intends to do so absent unforeseen developments.**

As with its previous suspension of jury trials, the Court concludes that a further suspension will allow conditions within the district to sufficiently improve so that counsel can adequately prepare for trial, and the health and safety of the public, those appearing before the Court, and the Court itself can be adequately safeguarded. Significantly, extension of the suspension of jury trials also will allow greater numbers of the bench, bar, and public to receive the COVID-19 vaccine before jury trials resume.

Therefore, **IT IS HEREBY ORDERED** that General Order 20-01, as amended, is <u>further</u> <u>amended</u> to extend the time periods specified therein through and including the date of May 2, 2021.

**IT IS FURTHER ORDERED** that while there will be no civil or criminal jury trials in any division of the Northern District of Georgia until after May 2, 2021, grand jurors may continue to be summoned and grand jury proceedings may continue to be held; and summonses may be issued to prospective jurors for civil and criminal jury trials scheduled to begin after May 2, 2021.

**IT IS FURTHER ORDERED** that the time period of any continuance entered as a result of this Order (whether that continuance causes a pre-indictment delay or a pre-trial delay) shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. Absent further Order of the Court or any individual judge, the period of exclusion shall be from March 23, 2020, through and including May 2, 2021. The Court may extend the period of exclusion as circumstances may warrant. This Order and period of exclusion are incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies. *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006). The periods of exclusion

in the Court's prior Orders on this subject, General Order 20-01 and its subsequent amendments, are likewise incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies.

**SO ORDERED** this __9__ day of March 2021.

*/s/ Thomas W. Thrash*
**THOMAS W. THRASH, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**